IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10CV664-RJC-DSC

| | |
|---|---|
| MARY W. FOREMAN, Executrix of the Estate of Walter Thomas Foreman, Jr., and THE FOREMAN GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> CAMFIL FARR, INC., <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Dismiss Counterclaim of Defendant" (doc. 16) and "Plaintiffs' Motion for Judgment on the Pleadings" (doc. 18) both filed April 26, 2011 and "Defendant's Motion for Leave to Amend Answer and Counterclaim" (doc. 23) filed on May 23, 2011; and the parties' associated briefs and exhibits (docs.19, 20, 24, 25, 26, 28, and 29).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will <u>grant leave</u> for Defendant to amend its Answer and Counterclaim, and will respectfully recommend that the Plaintiffs' Motion to Dismiss and Plaintiffs' Motion for Judgment on the Pleadings be <u>denied as moot</u>, as discussed below.

1

# I. FACTUAL AND PROCEDURAL HISTORY

On November 23, 2010, Plaintiff Mary W. Foreman, Executrix of the Estate of Walter Thomas Foreman, Jr., filed this Complaint against Defendant in Mecklenburg County Superior Court. On December 23, 2010, Defendant removed the case to this Court. On January 5, 2011, Plaintiffs filed an Amended Complaint (Doc. 5), which added The Foreman Group, Inc. ("TFG"), as a Plaintiff. The Amended Complaint alleges that Defendant breached an agreement with Plaintiff's decedent where he was to receive $96,000 in commissions for his work on a specified project.

On February 23, 2011, Defendant filed its Answer to the Amended Complaint and a Counterclaim against Plaintiffs (doc. 12) alleging that Defendant advanced $225,000 in unearned commissions to Plaintiff TFG and pursuant to the terms of the Agreement, TFG was required to return the advances to Defendant if the underlying project did not materialize. The project failed and TFG refused to return the advances. Defendant alleges that it did not agree to forgive the repayment of the advances and that TFG expressly declined Defendant's offer to allow $96,000 in commissions on another project to offset the $225,000 owed to Defendant. Defendant also denies that Foreman was to receive additional funds pursuant to any "new agreement."

Plaintiffs filed an Answer to the Counterclaim (doc. 13) on March 9, 2011. On April 26, 2011, Plaintiffs filed the subject Motion to Dismiss Counterclaim of Defendant (doc. 16), citing the lack of specificity of Defendant's allegations regarding negligent misrepresentation and its alternative claim for rescission. (Counterclaim ¶¶ 44-45). In response to Plaintiffs' Motion to Dismiss, Defendant filed its Motion to Amend its Answer and Counterclaim, seeking to provide more specificity in its claims for negligent misrepresentation and for mutual mistake as grounds for rescission.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides in relevant part that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fourth Circuit has held that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999).

Applying these legal principles to the record in this case, and forming no opinion as to the merits of Defendant's Answer and Counterclaims, the Court concludes that the proposed amendments should be allowed. Plaintiffs argue that the amendments are futile because the claims and defenses asserted therein are inadmissible under the North Carolina "Dead Man's Statute", N.C. Gen. Stat. § 8C-1, Rule 601 (1983). However, this Rule governs the competency of witnesses to testify "[u]pon the trial of an action, or the hearing upon the merits of a special proceeding." Id. This Rule operates to bar certain witness testimony. The Rule does not bar the inclusion of such allegations in a pleading before discovery has even been conducted. Therefore, the proposed Amended Answer and Counterclaim is not futile.

Additionally, the Court finds that Defendant's proposed Amended Answer and Counterclaim is offered in good faith in an effort to elaborate further on the allegations in its Answer and Counterclaim and provide greater factual support to its claims for relief in response to Plaintiffs' Motion to Dismiss (doc. 16). Additionally, this amendment does not unduly prejudice Plaintiffs. The case has recently entered the discovery stage, and none of the parties have yet commenced

discovery.  Accordingly, the Court will grant Defendant's Motion to Amend its Answer and Counterclaim.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.  Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motions for more definite statement, to dismiss first amended complaint, and for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Therefore, because Defendant has been granted leave to file its Amended Answer and Counterclaim which will supersede the present Answer and Counterclaim, the undersigned will respectfully recommend that Plaintiffs' Motion to Dismiss and Motion for Judgment on the Pleadings be denied as moot.

## III. ORDER

**IT IS HEREBY ORDERED** that "Defendant's Motion for Leave to Amend Answer and Counterclaim" (doc. 23) is **GRANTED** and Defendant shall file its Amended Answer and Counterclaim on or before June 16, 2011.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion to Dismiss Counterclaim of Defendant" (doc. 16) and "Plaintiffs' Motion for Judgment on the Pleadings" (doc. 18)  be **DENIED AS MOOT WITHOUT PREJUDICE** to

Plaintiffs' right to raise the same or any other issues in a dispositive motion related to the Amended Answer and Counterclaim.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: June 9, 2011

_____
David S. Cayer
United States Magistrate Judge