UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-664-RJC-DSC

| | |
|---|---|
| MARY W. FOREMAN, Executrix for the Estate of Walter Thomas Foreman, Jr., and THE FOREMAN GROUP, INC., Plaintiffs, v. CAMFIL FARR, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

**THIS MATTER** comes before the Court on "Plaintiffs' Motion to Dismiss Counterclaim of Defendant," (Doc. No. 16), "Plaintiffs' Motion for Judgment on the Pleadings," (Doc. No. 18), and the Magistrate Judge's Memorandum and Recommendations ("M&R"), recommending that this Court dismiss Plaintiffs' motions as moot, (Doc. No. 30).

## I.   STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A motion to amend the complaint is generally viewed as a non-dispositive motion, and thus is reviewed under Rule 72(a). Pagano v. Frank, 983 F.2d 343, 346 (1st Cir.1993).

The district court may also assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. §

636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Where a party fails to object to the Magistrate Judge's M&R, the district court may accept, reject, or modify the M&R without explanation. Camby, 718 F.2d at 199.

## II. BACKGROUND

Plaintiffs have not objected to any portion of the M&R. Therefore, the Court adopts the Magistrate Judge's factual history of the case. See (Doc. No. 30).

## III. ANALYSIS

After Plaintiffs filed their motions, Defendant filed a motion to amend its counterclaim. (Doc. No. 23). The Magistrate Judge granted this request. (Doc. No. 30). Plaintiffs have not objected to this final resolution and it is not currently before this Court. The Magistrate Judge recommended that this Court deny Plaintiffs' motions as moot because Defendant's new counterclaim mooted Plaintiffs' motions, which were aimed at the original counterclaim. (Doc. No. 30). Plaintiffs have not objected to this recommendation. After reviewing the parties' briefs, the M&R, and Defendant's original and amended counterclaims, the Court finds no clear error in the Magistrate Judge's decision. "[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Motions aimed at the superseded pleading are rendered moot.

2

See Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 30), is **ADOPTED**;

2. "Plaintiffs' Motion to Dismiss Counterclaim of Defendant," (Doc. No. 16), is **DISMISSED as moot**; and

3. "Plaintiffs' Motion for Judgment on the Pleadings," (Doc. No. 18), is **DISMISSED as moot.**

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge